UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ELAINE ZEITLER & STEVEN WASHBURN,<br><br>*Plaintiffs*,<br><br>*v.*<br><br>NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>*Defendant*. | Civil No. 3:21cv519(JBA)<br><br>December 27, 2021 |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

Plaintiffs Elaine Zeitler and Steven Washburn bring this action against Defendant Nationwide Property & Casualty Insurance Company ("Nationwide"), alleging breach of contract, common law bad faith, and a violation of the Connecticut Unfair Insurance Practices Act ("CUIPA") through the Connecticut Unfair Trade Practices Act ("CUTPA") ("CUTPA/CUIPA") (Am. Compl. [Doc. # 20].) Nationwide moves to dismiss Count III, alleging a violation of CUTPA/CUIPA, for failure to state a claim for which relief can be granted because Plaintiffs "fail to adequately plead a general business practice." (Def. Nationwide's Mem. of L. in Supp. of its Mot. To Dismiss ("Def.'s Mem.") [Doc. # 23] at 1.) Plaintiffs oppose. (Pls.' Obj. & Mem. in Response to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") [Doc. # 25].) Oral argument was held on December 1, 2021. (Min. Entry [Doc. # 41].) For the reasons that follow, Nationwide's Motion to Dismiss [Doc. # 22] is DENIED.

**I.   Facts Alleged**

Plaintiffs' home is insured by Nationwide and their policy includes coverage for accidents resulting in property damage. (Am. Compl. ¶¶ 5, 7, 14.) On February 1, 2020, Plaintiffs' boiler malfunctioned, causing "substantial freezing damage." (*Id.* ¶ 16.) Plaintiffs notified Nationwide of this occurrence and after an investigation, Nationwide issued partial payment to Plaintiffs. (*Id.* ¶¶ 18-22.)

Plaintiffs allege that Nationwide and its agent Charles Seder "intentional[ly] and willful[ly] refus[ed] to fully indemnify the Plaintiffs" and delayed coverage determinations in an attempt to "pressure" them into accepting an undervalued settlement offer. (*Id.* at ¶ 23.) Nationwide applied this pressure, Plaintiffs assert, by stating that the insurance policy did not apply or that other insurance policies "superseded" the relevant policy terms. (*Id.*) When Plaintiffs could not find a copy of their insurance policy, Nationwide allegedly refused to provide Plaintiffs or their authorized public adjuster with a copy of the policy and attempted to coerce the Plaintiffs into settling their claim before a copy of the insurance policy was produced. (*Id.*) Plaintiffs also allege that Nationwide refused to identify policy language that determined the scope of coverage. (*Id.*) Further, Plaintiffs state that Nationwide documented Plaintiffs' "single claim as multiple claims" as a "pre-text [sic] to raise the Plaintiffs' premiums or deny the Plaintiffs future coverage." (*Id.* ¶ 24.)

Plaintiffs claim that Nationwide engages in "similar or identical conduct . . . in matters involving first party homeowners' insurance claims." (*Id.* ¶ 31.) Nationwide engages in this conduct "on a national level," Plaintiffs assert, to "delay the fair resolution of first party homeowners' insurance claims, and; [sic] leverage its homeowner insureds to accept less than full value in settlement of their claims." (*Id.* ¶ 32.) In support, Plaintiffs reference two Connecticut Insurance Department matters that were found to be "justified" and nine complaints filed throughout the country, appending these complaints as exhibits. (*Id.* ¶ 36; Exs. A- I, Am. Compl. [Doc. # 20] at 25-129.)

## II. Discussion

### A. Legal Standard

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must determine whether the plaintiff has stated a legally cognizable claim by making allegations that, if true, would plausibly show that the plaintiff is entitled to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). The court assumes all factual allegations in the

complaint as true and draws all reasonable inferences in the plaintiff's favor. *See Crawford v. Cuomo*, 796 F.3d 252, 256 (2d Cir. 2015). However, the principle that a court must accept a complaint's allegations as true does not extend to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). A complaint must contain "factual amplification . . . to render a claim plausible," *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)), and a complaint that only "offers 'labels and conclusions'" or "naked assertions devoid of further factual enhancement" will not survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).[1]

### B. Violation of CUTPA via CUIPA

Defendant argues that Count Three of Plaintiffs' Amended Complaint should be dismissed for failure to state a claim for which relief can be granted, asserting that Plaintiffs "fail to adequately plead a general business practice, as required in order to state a legally viable" CUTPA/CUIPA claim. (Def.'s Mem. at 1.) Under CUTPA, "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. Stat. § 42-110b(a). To assist courts in determining whether a practice violates CUTPA, the Connecticut Supreme Court has identified several relevant factors, only one of which needs to be satisfied:

> (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise . . . ; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [or] (3) whether it causes substantial injury to consumers.

---

[1] Plaintiffs acknowledge that *Twombly* and *Iqbal* "set the standards for evaluation of pleadings" at the motion to dismiss stage. However, they argue that *Twombly* and *Iqbal* involved "matters of national importance," which is distinguishable from their insurance case. (Pls.' Opp'n. at 2, 5-7.) Plaintiffs attempts at distinguishing these cases are unpersuasive as *Twombly* and *Iqbal* set out the plausibility standard that is binding upon this Court.

3

*Harris v. Bradley Mem'l Hosp. & Health Ctr., Inc.*, 296 Conn. 315, 350-51 (2010) (internal quotation marks omitted).

While CUIPA does not create a private right of action, violations of CUIPA may be alleged as a basis for a CUTPA cause of action. *See Pettengill v. Fireman's Funds Ins., Co.*, No. 3:13cv154 (WWE), 2013 WL 4054635, at *2 (D. Conn. Aug. 12, 2013); *Nazami v. Patrons Mut. Ins. Co.*, 280 Conn. 619, 625 (2006); *Traylor v. Awwa*, 88 F. Supp. 3d 102, 108 (D. Conn. 2015). CUIPA prohibits unfair claim settlement practices committed with frequency as to indicate a general business practice such as:

> (A) Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue; (B) failing to acknowledge and act with reasonable promptness upon communications with respect to claims arising under insurance policies; (C) failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies; (D) refusing to pay claims without conducting a reasonable investigation based upon all available information; (E) failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed; (F) not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear; (G) compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds; (H) attempting to settle a claim for less than the amount to which a reasonable man [sic] would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application . . . (M) failing to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage; [and] (N) failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement . . . .

Conn. Gen. Stat. § 38a-816(6). To prevail on a CUIPA claim, a plaintiff must present "enough facts to permit [] the reasonable inference that the unfair insurance practice occurred with enough frequency for it to be deemed a general business practice." *Kim v. State Farm Fire & Cas. Co.*, No. 3:15CV00879(VLB), 2015 WL 6675532, at *5 (D. Conn. Oct. 30, 2015) (granting a motion to dismiss a CUTPA/CUIPA claim where the plaintiffs relied

4

on a conclusory allegation of general busines practices and only referenced their own claim denial). "The alleged mishandling of various elements of the same claim does not reach the level of a general business practice." *L.A. Limousine Inc. v. Liberty Mut. Ins. Co.*, 509 F. Supp. 2d 176, 182-84 (D. Conn. 2007) (citing *Starview Ventures v. Acadia Ins.,* No. CV065003463S, 2006 WL 3069664 at *3 (Conn. Super. Ct. Oct. 17, 2006)) (granting the insurer's motion to dismiss where the insured failed to "allege unfair settlement practices outside the singular insurance policy subject to [the instant] dispute"). The general business practice requirement stems from the legislature's "clear intent to exempt from coverage under CUIPA isolated instances of insurer misconduct." *Lees v. Middlesex Ins. Co.*, 229 Conn. 842, 849 (1994).

Plaintiffs assert ten violations of CUTPA relating to the settlement of claims. To support a theory of general business practices, Plaintiffs reference two Connecticut Insurance Department matters and nine complaints filed throughout the country, which Nationwide argues cannot survive a motion to dismiss because it does not demonstrate that Nationwide "*actually engag[ed]* . . . in conduct prohibited by CUIPA." (Def.'s Mem. at 6-7 (citing *Hawkeye, LLC v. Zurich Am. Ins. Co.*, No. 3:10cv899(JCH), 2011 WL 1216408, at *1-2 (D. Conn. Mar. 29, 2011); *Algiere v. Utice Nat'l Ins. Co.*, No. cv040569670, 2005 WL 647808, at *7 (Conn. Super. Ct. Feb. 7, 2005).) However, this Court and others have concluded that a plaintiff may adequately plead general business practices by referencing lawsuits which allege similar conduct to the plaintiff's own allegations. *Bilyard v. Am. Bankers Ins. Co. of Fl.*, No. 3:20cv1059(JBA), 2021 WL 4291173, at *3 (D. Conn. Sept. 21, 2021) ("Where Plaintiff relies on other lawsuits in which those plaintiffs alleged similar conduct as Plaintiff alleges here, the Court may draw an inference that Defendant engaged in that conduct with the frequency necessary for a 'business practice' under CUIPA."); *Clark v. Amica Mutual Ins. Co.*, No. 3:16cv1573 (JBA), 2018 WL 2725441, *3 (D. Conn. June 6, 2018) ("Plaintiff must only allege that Defendant's conduct occurs with sufficient frequency to constitute a 'general

5

business practice,' which is accomplished here by referencing other cases where insureds were similarly denied coverage . . . ."); *Moura v. Harleysville Pref. Ins. Co* No. 3:18cv422 (VAB), 2019 WL 5298242, at *10 (D. Conn. Oct. 18, 2019) ("But courts in this District have found, in cases like this one, that lawsuits can serve as evidence of unfair claims settlement practices even if the lawsuits have not been resolved against the insurance company.").

Nationwide also argues that a "mere coverage dispute does not establish that the insurer engaged in unfair settlement practices," citing *Conn. Mun. Elec. Energy Coop. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa*, No. 3:19cv839(JCH), 2020 WL 6888272, at *10 (D. Conn. Jan. 17, 2020). (Def.'s Mem. at 9.) In *Connecticut Municipal Electric Energy Cooperative*, the plaintiff relied on two adjudicated court cases to support a theory of general business practices. *Id.* at *2. In dismissing the plaintiff's CUTPA/CUIPA claim, the court concluded that the two cited cases could not support an allegation of general business practices as the cited cases "focused on breach-of-contract claims" and did not support an inference that the insurer "engaged in CUTPA/CUIPA-targeted misconduct." *Id.* at *3, 8 (internal citations and quotation marks omitted). Nationwide's reliance on this case is misplaced here where Plaintiffs reference complaints alleging that Nationwide engaged in conduct beyond breach of contract, including breaches of the covenant of good faith and fair dealing, bad faith, and violations of the unfair trade practices acts of various states. (Exs. A-I, Am. Compl.)

Plaintiffs alleged that Nationwide engaged in delay tactics to "pressure" Plaintiffs into accepting an unfair settlement, failed to identify policy language relevant to their decision, and improperly stated that their insurance policy did not apply or was superseded by other insurance policies. (Am. Compl ¶ 23.) In a case cited by Plaintiffs to support the general business practice requirement, *Kovich v. Nationwide Prop. & Casualty Ins. Co.*, 3:20-cv-00581, the plaintiffs asserted that after their home sustained windstorm damage, Nationwide committed unfair trade practices. (Ex. G, *Kovich v. Nationwide Prop. &*
6
6

6

*Casualty Ins. Co.*, Am. Compl. ¶¶ 48-49.) The *Kovich* plaintiffs alleged that Nationwide delayed full payment of the plaintiffs' claims, failed to explain the policy basis for their decisions, and misrepresented the policy terms. (*Id.* ¶¶ 50-51, 54, 56.) Similarly, Plaintiffs reference *Preston v. Nationwide Prop. & Casualty Ins. Co.*, 3:21cv00619 where the plaintiff's home sustained "severe and destructive wind damage" and was damaged after a "catastrophic water leak." (Ex. D, *Preston v. Nationwide Prop. & Casualty Ins. Co.*, Compl. ¶ 20-23.) In alleging a violation of Texas' unfair settlement practices, the *Preston* plaintiff asserted that Nationwide did not effectuate a prompt settlement, failed to explain a policy basis for its partial denial of the plaintiff's claim, and misrepresented the policy. (*Id.* ¶¶ 28-29, 32-35.)

These two lawsuits allege conduct sufficiently similar to Plaintiffs' claim to allow the Court to draw a plausible inference that Nationwide engages in unfair delay tactics, fails to provide its insureds with a reasonable explanation for its decisions, and misrepresents policy provisions in homeowners' insurance policies with such a frequency to constitute a "general business practice" under CUIPA. *See Moura*, 2019 WL 5298242, at *10 (denying a motion to dismiss a CUTPA/CUIPA claim where the plaintiffs "point[ed] to two additional cases where [the insurer] denied similar coverage claims"); *Bilyard*, 2021 WL 4291173, at * 3 (granting the defendant's motion to dismiss because the plaintiff failed to plead facts demonstrating that he was subjected to conduct prohibited by CUIPA but concluding that the plaintiff adequately pled general business practices by referencing two other lawsuits where the insurer similarly "refused to honor their insurance claims on vehicles whose full values were diminished"). Whether Nationwide's actions amount to general business practices "is better addressed at the summary judgment stage," after the parties engage in discovery. *Moura*, 2019 WL 5298242, at * 10.

7

### III. Conclusion

For the foregoing reasons, Nationwide's Motion to Dismiss [Doc. # 22] is DENIED.

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 27th day of December 2021