UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Elaine Zeitler *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Nationwide Property and Casualty Insurance Co., <br><br> Defendant. | Civil No. 3:21-CV-519 (JBA) <br><br><br> April 15, 2022 |

**RULING AND ORDER ON PLAINTIFFS' MOTION TO COMPEL (ECF No. 43)**

The Plaintiffs have moved the Court for an order overruling all of the Defendant's objections to, and ordering the Defendant to comply with, thirty-four requests for production, thirty-seven requests for admission, a Rule 30(b)(6) deposition notice encompassing fifty-one topics, and a supplemental interrogatory dated September 23, 2021.[1]  (ECF No. 43.)  Judge Arterton referred the motion to the undersigned (ECF No. 57), who received a full set of briefs and heard more than an hour of oral argument on April 1, 2022.  (*See* Minute Entry, ECF No. 65.)  For the reasons that follow, the Plaintiffs' motion is granted in part and denied in part.

   1. **Applicable Legal Standards**

The standards governing the Plaintiffs' motion are well settled.  "Subject to the proportionality requirement and other limitations set forth in Rule 26, a party may discover relevant, non-privileged information in the other party's possession."  *Doe v. Wesleyan Univ.*, No. 3:19-cv-1519 (JBA) (TOF), 2021 WL 4704852, at *3 (D. Conn. Oct. 8, 2021).  "The burden of

---

[1]  The parties have resolved all of the Defendant's objections to the Plaintiffs' first set of interrogatories.  (*See* ECF No. 43, at 5.)

1

demonstrating relevance initially rests with the party seeking discovery." *Id.* (quoting *Bagley v. Yale Univ.*, 315 F.R.D. 131, 144 (D. Conn. 2016)). "'Once the requesting party has made a *prima facie* showing of relevance,' however, 'it is up to the responding party to justify curtailing discovery.'" *Id.* (quoting *N. Shore Long Island Jewish Health Sys., Inc. v. MultiPlan, Inc.*, 325 F.R.D. 36, 48 (E.D.N.Y. 2018)). In particular, "[t]o resist discovery on grounds of undue burden, a party must ordinarily demonstrate that burden with an affidavit or other proof." *Id.* Courts can, however, "limit discovery based upon a finding of facial overbreadth." *In re Kidd*, No. 20-cv-800 (KAD), 2020 WL 5594122, at *11 (D. Conn. Sept. 8, 2020).

**2. Application to the Plaintiffs' Motion**

Having reviewed the parties' briefs, and having considered the remarks of their counsel at oral argument, the Court concludes that the following discovery requests seek information that is relevant to the dispute as it has been framed by the pleadings and Judge Arterton's ruling on the Defendant's motion to dismiss, and that the Defendant has not sufficiently "justif[ied] curtailing discovery": Request for Production Nos. 1, 2, 3, 4, 5, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 21, 23, 31, 32 and 34; and Rule 30(b)(6) Deposition Notice topics 1, 2, 3, 4, 5, 6, 7, 8, 12, 16, 17, 18, 19, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 33, 35, 43, 44, 45, 46, 48 and 49. The Plaintiffs' motion is therefore granted, and the Defendant's objections (except as to privilege and work product) are overruled, with respect to these discovery requests.

The Court concludes that the following discovery requests are facially overbroad and would be unduly burdensome to comply with: Request for Production Nos. 22, 24, 25, 26, 27, 28, 29, 30 and 33; and Rule 30(b)(6) Deposition Notice topics 20, 21, 34, 36, 37, 38, 39, 40, 41, 42 and 47. The Plaintiffs' motion is therefore denied, and the Defendant's overbreadth and burdensomeness objections are sustained, with respect to these requests. This portion of the

Court's ruling is without prejudice to renewed requests that are much more narrowly tailored. Request for Production No. 7 is facially overbroad as drafted, but the Court will allow discovery of that subset of responsive documents that concern claims involving a dispute over which of two allegedly applicable policies applies to a given property. Supplemental Interrogatory No. 1 would likewise be unduly burdensome to comply with as drafted, inasmuch as it purports to require an individualized response to each item on a 309-item estimate, but the Plaintiffs may explore the topic at the Rule 30(b)(1) deposition of the adjuster or the Rule 30(b)(6) deposition of the Defendant corporation. *See* Fed. R. Civ. P. 26(c)(1)(C) (permitting district courts to address unduly burdensome discovery requests by "prescribing a discovery method other than the one selected by the party seeking discovery").

Even allowing for the broad construction given to the term "relevance" during the discovery phase of a case, *see Huseby, LLC v. Bailey*, No. 3:20-cv-167 (JBA) (TOF), 2021 WL 3206766, at *7 (D. Conn. July 29, 2021), the Court concludes that the Plaintiffs have not demonstrated the relevance of several requests. Request for Production No. 20 and Rule 30(b)(6) Deposition Notice topic 32 concern the marketing and advertising of the insurance policy that the Defendant sold to the Plaintiffs, but there are no marketing- or advertising-related claims in the operative complaint. (*See generally* Pls.' Am. Compl, ECF No. 20.) Rule 30(b)(6) Deposition Notice topics 13, 14 and 15 concern the Plaintiffs' theory that the Defendant's actions with respect to this claim may result in higher premium charges on policies that they have with other companies.[2] For the reasons discussed at oral argument, the Court concludes that this theory is, for now, too speculative to support discovery. *See Doe*, 2021 WL 4704852, at *9 (observing that

---

[2] Request for Production No. 6 concerned this theory as well, but the Plaintiffs have withdrawn that request.

"Fed. R. Civ. P. 26(b)(1) does not allow a party to roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so"). The Plaintiffs' motion is therefore denied, and the Defendant's objections sustained, with respect to these requests. Rule 30(b)(6) Deposition Notice topics 9, 10, 11, 50 and 51 are in the nature of "discovery about discovery" and, as such, are not supported by the current record. *See id.* at *5 (observing that such discovery typically requires "some showing that a producing party's production has been incomplete"). The Plaintiffs' motion is therefore denied with respect to them, but the denial is without prejudice to renewal in the event that they make a showing of an incomplete production. *Haroun v. ThoughtWorks, Inc.*, No. 20-cv-100 (LJL), 2020 WL 6828490, at *2 (S.D.N.Y. Oct. 7, 2020) ("Plaintiff can inquire at deposition both about the documents that have been produced and those that have not been produced and can review the document production itself for obvious gaps. If it creates such a record, it may have a basis for discovery on discovery.").

With respect to Requests for Admission, the Court concludes that the following requests seek relevant information; are neither facially overbroad nor plainly unduly burdensome; and are not too vague to answer, as the Defendant asserts in many instances: 1, 3, 4, 5, 6, 7, 8. 9. 10, 11, 12, 13, 14, 15, 17, 21, 23, 24, 27, 35, 36 and 37. The Plaintiffs' motion is therefore granted, and the Defendant's objections (except as to privilege and work product) are overruled, with respect to those requests. The Defendant shall re-serve Rule 36(a)(4)-compliant responses to those requests, without objections.

The Court declines to order further compliance with Request for Admission Nos. 16, 18, 19, 20, 25, 26, 28, 29, 30, 31, 32, 33 and 34, because the topics of those requests are better addressed through narrowly tailored document production requests. *See* Fed. R. Civ. P.

26(c)(1)(C). The Court likewise declines to order further compliance with Request for Admission No. 2, because the request is vague as to which of the individuals' actions are being inquired about, and with Request for Admission No. 22, because (as noted above) the Plaintiffs have not demonstrated the relevance of inquiries about advertising and marketing.

The Defendant shall comply with the foregoing orders by April 29, 2022. *See* D. Conn. L. Civ. R. 37(d). If the Defendant withholds any responsive documents under a claim of attorney-client privilege or work product protection, it shall comply with the privilege log requirements of Fed. R. Civ. P. 26 and D. Conn. L. Civ. R. 26 by April 29, 2022. Any privilege or work product claims not logged by that date will be deemed waived.

This is not a recommended ruling. It is a ruling by a Magistrate Judge on a "nondispositive motion[]," D. Conn. L. Civ. R. 72.1(C)(2), and as such it is reviewable pursuant to the "clearly erroneous" statutory standard of review. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Conn. L. Civ. R. 72.2(b). It is an order of the Court unless reversed or modified upon timely objection under Local Rule 72.2(a).

Dated at Hartford, Connecticut this 15th day of April, 2022.

*/s/ Thomas O. Farrish*
Thomas O. Farrish
United States Magistrate Judge